[Cite as *Hannigan v. Ohio Dept. of Transp.*, 2010-Ohio-6558.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHEA E. HANNIGAN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-06290-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Dorothea E. Hannigan, filed this action against defendant, Department of Transportation (ODOT), contending that her 2009 Mercedes Benz E 350W was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 North on the Brent Spence Bridge spanning the Ohio River between Kentucky and Ohio. In her complaint, plaintiff described her damage incident relating that: "[w]e were driving north on I-71, we crossed the Ohio line and before leaving the Ohio/Kentucky bridge (about 150 ft remaining) we encountered a large pot hole on the drivers side," which damaged both rims and tires on the driver's side of the vehicle. Plaintiff recalled that the incident occurred on April 9, 2010 between 10:00 and 11:00 a.m. Plaintiff seeks recovery of damages in the amount of $1,055.19, the cost of replacement parts and related repair expenses. The filing fee was paid.

**{¶ 2}** 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the Commonwealth of Kentucky and not ODOT bears the

maintenance responsibility for the substantial portion of Interstate 75 on the Brent Spence Bridge. Defendant submitted photographs depicting the Brent Spence Bridge advising that practically the entire bridge deck is located within the Commonwealth of Kentucky and is consequently the maintenance responsibility of that governmental entity. Defendant stated "[a]s such, the State of Kentucky is the proper party to plaintiff's claim, not the defendant." The site of the damage-causing incident was located within the Commonwealth of Kentucky.

CONCLUSIONS OF LAW

{¶ 3} 1) R.C. 2743.01(A) provides:

{¶ 4} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 5} 2) R.C. 2743.02(A)(1) states in pertinent part:

{¶ 6} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 7} 3) R.C. 5501.31 in pertinent part states:

{¶ 8} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 9} The site of the damage-causing incident was not the maintenance

jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHEA E. HANNIGAN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-06290-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiff's claim is DISMISSED.  Court costs are assessed against plaintiff

                              _____
                                MILES C. DURFEY
                                Clerk

Entry cc:

Dorothea E. Hannigan                    Jolene M. Molitoris, Director
6851 Smoky Row Road               Department of Transportation
Columbus, Ohio  43235-2034        1980 West Broad Street
                                 Columbus, Ohio  43223

RDK/laa
8/23
Filed 9/15/10
Sent to S.C. reporter 12/29/10